Shaw C. J.
delivered the opinion of the Court. [After stating the facts.] To the master’s report several exceptions have been taken, substantially as follows : —
1. That the improvements allowed, consisting mostly in building new wall and rebuilding old wall, were charged at a cost exceeding the amount allowed for rents and profits.
2. That the master has charged the improvements at the cost, supposing himself bound so to do ; whereas the increased value of the premises ought to have been the rule.
3. That in computing the interest, the master made annual rests.
The report itself is referred to, as affording the grounds upon which the exceptions are taken. These exceptions have been fully considered by the Court, and they have come to the following result.
The rights both of mortgager and mortgagee, depend upon the statute, and the mode of accounting provided by the statute is to be followed.
By the statute (St. 1798, c. 77, § 1,) the party redeeming after entry, in addition to the payment of the mortgage debt with lawful interest and costs, is also to pay “ such further and reasonable sums as may have been disbursed and expended in necessary repairs of fences and buildings, and for the advancing and bettering such estate, over and above what the rents and profits thereof, upon a just computation, shall amount to.”
The statute itself disposes of one part of the plaintiff’s exceptions, to wit, that the sum allowed for repairs and improvements exceeded the amount of rents and profits. The statute expressly contemplates and provides for such a case. The mortgager is to pay and the mortgagee is to receive, the *407 amount expended for repairs and betterments over and above the rents and profits.[1]
Then the only question is one of fact, whether all the allowances made by the master to the respondents, do come under one or the other of these descriptions, cash paid for necessary repairs, or advancing and bettering the estate.
Looking at the report merely, without having the evidence before us upon which it was founded, it would seem questionable whether some of the items could properly be considered as necessary repairs. Disbursements for improvements merely ornamental, and which are neither necessary to the upholding of the estate, nor contribute any thing to its permanent value, ought not to be allowed. On the contrary, all expenses which are necessary to the preservation of the estate, whatever may be the nature of them, are by a just construction of the statute to be brought into the account. And whether any particular expenditure is or is not of this character, is a question peculiarly fit for the consideration of the master, and every reasonable presumption ought to be made in favor of his decision. Unless it clearly appears from the report itself, or from other evidence, that the master was under a mistake in this respect, his report will be sustained.
In looking into this report, although standing alone and unexplained, some of the expenses allowed might seem to be for things rather ornamental than necessary, yet it by no means appears that they might not by proper evidence have been shown to be necessary ; and the Court are bound to presume that the master had such evidence. But these remarks apply only to a few small items, and on the whole the Court perceive no ground for sustaining the first exception.
2. The second exception seems not to be sustained by any evidence of the fact. There is nothing upon the face of the report, to show that the master supposed himself bound to charge, or did charge the improvements at the cost. The *408 true rule undoubtedly is, that the mortgager should be charged no more of the cost, than that which is beneficial to the estate.[1] If the mortgagee pays more, it ought to be at his own expense.
3. The third exception must be sustained. The effect of the report is to give the mortgagee compound interest; which is contrary to the established law and practice upon the subject.
Had the rents and profits exceeded the sums paid for repairs and betterments, so as to have applied to the payment of the note, then, as in all other cases of part payment, where interest and principal are both due, the creditor has a right, first to apply the payments to keeping down the interest, before any part is applied to the reduction of the principal. If in such case, the net annual rents and profits exceed the interest on the mortgage debt, it is proper to make annual rests in the computation of interest, because the rents afford a sufficient fund to pay the interest annually. In a recent case, (Gibson v. Crehore, 5 Pick. 146,) the creditor was allowed to make semiannual rests ; but it was upon the principle, that rents and profits, sufficient to constitute a fund for the payment of the whole interest, were received quarterly.
As all the elements of the computation are presented by the report itself, it will not be necessary to recommit it for the purpose of making the necessary correction. At simple interest, the amount due on the note on October 30th, 1830, to which time the computation was brought down, was $ 936-60, which sum is to be substituted for $ 972"30, stated in the report. In all other respects the exceptions are overruled and the report confirmed, and redemption decreed accordingly.

 See Revised Stat. c. 107, § 15; Russell v. Blake, 2 Pick. (2d ed.) 505, note 2; Saunders v. Frost, 5 Pick. 259,270; Rawlins v. Stewart, 1 Bland, 22; Ruby v. Abyssinian Society, 15 Maine R. (3 Shepley,) 306; Page v. Foster, 7 N. Hamp. R. 396; Dexter v. Arnold, 2 Sumner, 125,126; Gordon v. Lewis, 2 Sumner, 143.

 See Gordon v. Lewis, 2 Sumner, 143.